**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
FORT WORTH DIVISION**

| | |
|---|---|
| **HALBERT LANCASTER MONTGOMERY,** § | |
|            **PETITIONER,** § | |
| § | |
| **v.** § | **CIVIL ACTION NO. 4:05-CV-0732-Y** |
| § | |
| **DOUGLAS DRETKE, DIRECTOR,** § | |
| **TEXAS DEPARTMENT OF CRIMINAL** § | |
| **JUSTICE, CORRECTIONAL INSTITUTIONS** § | |
| **DIVISION,** § | |
|            **RESPONDENT.** § | |

**FINDINGS, CONCLUSIONS, AND RECOMMENDATION
OF THE UNITED STATES MAGISTRATE JUDGE
AND NOTICE AND ORDER**

This cause of action was referred to the United States Magistrate Judge pursuant to the provisions of 28 U.S.C. § 636(b), as implemented by an order of the United States District Court for the Northern District of Texas. The Findings, Conclusions, and Recommendation of the United States Magistrate Judge are as follows:

### I. FINDINGS AND CONCLUSIONS

#### A. NATURE OF THE CASE

This is a petition for writ of habeas corpus by a state prisoner under 28 U.S.C. § 2254.

#### B. PARTIES

Petitioner Halbert Lancaster Montgomery, TDCJ-ID #1068272, is in custody of the Texas Department of Criminal Justice, Correctional Institutions Division, in Amarillo, Texas.

Respondent Douglas Dretke is the Director of the Texas Department of Criminal Justice, Correctional Institutions Division.

#### C. FACTUAL AND PROCEDURAL HISTORY

In 2001, Montgomery was charged by indictment in Criminal District Court Number One

of Tarrant County, Texas, Case No. 0799826D, with the third degree felony offense of driving while intoxicated (DWI). (Clerk's R. at 3.) The indictment also included enhancement and habitual offender notices. (*Id.*) On October 17, 2001, a jury found Montgomery guilty of the charged offense, found the enhancement and habitual offender allegations true pursuant to Montgomery's plea of true, and assessed his punishment at sixty years' confinement. (*Id.* at 53.) Montgomery appealed his conviction and sentence, but the Second District Court of Appeals affirmed the trial court's judgment on August 27, 2003. *Montgomery v. Texas*, No. 2-01-451-CR, slip op. (Tex. App.–Fort Worth Aug. 27, 2003) (not designated publication). On January 14, 2004, the Texas Court of Criminal Appeals refused Montgomery's petition for discretionary review. *Montgomery v. Texas*, PDR No. 1809-03. In addition, Montgomery filed a state habeas application challenging his conviction and sentence, which was denied by the Texas Court of Criminal Appeals on the findings of the trial court on July 27, 2005. *Ex parte Montgomery*, Application No. 61,417-01, at cover. Montgomery filed this federal petition on October 27, 2005. *See Spotville v. Cain*, 149 F.3d 374, 377 (5th Cir. 1998) (holding pro se habeas petition filed when papers delivered to prison authorities for mailing). Dretke has filed an answer with supporting brief and documentary exhibits, to which Montgomery has filed a letter reply.

### D. Issues

Montgomery raises the following grounds for relief:

    (1) The trial court erred by allowing the state to argue that the jury could determine his level of intoxication was higher at the time of arrest without scientific retrograde extrapolation evidence;

    (2) The trial court erred by denying his motion for a mistrial after the state commented on his failure to testify during closing argument in the punishment phase;

    (3) He was denied effective assistance of counsel; and

2

   (4) The trial court erred by using his prior state jail felony conviction to enhance his punishment under article 12.42 of the Texas Code of Criminal Procedure. (Pet. at 7-8.)

### E. RULE 5 STATEMENT

Dretke believes that Montgomery has failed to exhaust available state court remedies regarding one or more of the claims presented and that those claims are procedurally defaulted. (Resp't Answer at 5-6.)

### F. DISCUSSION

#### *1. Legal Standard for Granting Habeas Corpus Relief*

  Under 28 U.S.C. § 2254, a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a state court shall not be granted with respect to any claim that was adjudicated on the merits in state court proceedings unless he shows that the prior adjudication: (1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established federal law, as determined by the Supreme Court, or (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the state court. 28 U.S.C. § 2254(d). A decision is contrary to clearly established federal law if the state court arrives at a conclusion opposite to that reached by the Supreme Court of the United States on a question of law or if the state court decides a case differently than the Supreme Court has on a set of materially indistinguishable facts. *Williams v. Taylor*, 529 U.S. 362, 405-06 (2000); *see also Hill v. Johnson*, 210 F.3d 481, 485 (5th Cir. 2000). A state court decision will be an unreasonable application of clearly established federal law if it correctly identifies the applicable rule but applies it unreasonably to the facts of the case. *Williams*, 529 U.S. at 407-08.

  Further, under § 2254, federal courts must give great deference to a state court's factual

findings. *Hill*, 210 F.3d at 485. Factual determinations by state courts are presumed correct absent clear and convincing evidence to the contrary, and a decision adjudicated on the merits in a state court and based on a factual determination will not be overturned on factual grounds unless objectively unreasonable in light of the evidence presented in the state court proceeding. *See* 28 U.S.C. § 2254(d)(2), (e); *Miller-El v. Cockrell*, 537 U.S. 322, 340 (2003); *Williams*, 529 U.S. at 399. The applicant has the burden of rebutting the presumption of correctness by clear and convincing evidence. 28 U.S.C. § 2254(e)(1). Typically, when the Texas Court of Criminal Appeals denies relief in a state habeas corpus application without written opinion, as here, it is an adjudication on the merits, which is entitled to this presumption. *Neal v. Puckett*, 286 F.3d 230, 235 (5th Cir. 2002); *Ex parte Torres*, 943 S.W.2d 469, 472 (Tex. Crim. App. 1997).

*2. Trial Court Error*

Montgomery claims the trial court erred by allowing the state to argue at the close of the guilt/innocence phase that the jury could determine his level of intoxication was higher at the time of his arrest even though the state had not introduced scientific retrograde extrapolation evidence. (Petition at 7; Pet'r Memorandum at 1.) Specifically, he complains of the following argument:

> The breath test, the most damning piece of evidence against this gentleman. Although it is an hour – or still here under an hour after the stop, he's not charged with being intoxicated at that time. But you can see from the breath test that he was coming down at that time. And even coming down he was still . . . . If you can do math, you can see the first specimen is .15 and the second a few minutes later is .14. And even at that, he's still almost twice the legal limit of intoxication, ladies and gentlemen, under the law. So you do the math yourself. I say that if you look at this, you can see that at the time of driving, less than an hour before that, he was going to be at least that much or if not higher at the time of driving. . . . (4Reporter's R. at 28-29.)

The state appellate court concluded that the argument was permissible as a reasonable deduction from or summation of the evidence on the issue. *Montgomery v. Texas*, No. 2-01-451-CR,

4

slip op. Montgomery has not demonstrated that this decision is contrary to, or involves an unreasonable application of, clearly established federal law or was based on an unreasonable determination of the facts in light of the evidence presented in the state court. No Supreme Court precedent is found on the issue, and the evidence presented at trial supports the state court's decision. Montgomery was arrested for DWI when he could not perform various field sobriety tests. (3Reporter's R. at 25-43.) Less than an hour later, Montgomery submitted two breath samples: the first one indicated an alcohol concentration of .152, and the second one indicated an alcohol concentration of .148.[1] There was also expert testimony that the human body eliminates approximately .02 grams of alcohol per hour, which equates to about a beer an hour or a beverage an hour. Thus, even without retrograde extrapolation evidence, the state's argument that Montgomery had the same or higher alcohol concentration at the time of the stop and arrest is a reasonable deduction from the evidence and was proper under state law. *See Steward v. Texas*, 129 S.W.3d 93, 96 (Tex. Crim. App. 2004); *Felder v. Texas*, 848 S.W.2d 85, 94-95 (Tex. Crim. App. 1992).

Montgomery claims the trial court erred by denying his motion for mistrial after the state commented on his failure to testify during closing argument in the punishment phase of trial. (Petition at 7; Pet'r Memorandum at 1-2.) Dretke argues that this claim is unexhausted and procedurally barred because Montgomery did not raise the claim in his petition for discretionary review or his state habeas application. Under the federal exhaustion requirement, a habeas petitioner must have fairly presented the substance of his federal claim to the highest court of the state. *See*

---

[1] Under Texas law, "intoxicated" means having an alcohol concentration of .08 or more. TEX. PENAL CODE ANN. § 49.01(2) (Vernon 2003). "Alcohol concentration" means the number of grams of alcohol per 210 liters of breath. *Id.* § 49.01(1)(A).

28 U.S.C. § 2254(b)(1); *O'Sullivan v. Boerckel*, 526 U.S. 838, 842-48 (1999); *Fisher v. Texas*, 169 F.3d 295, 302 (5th Cir. 1999); *Carter v. Estelle*, 677 F.2d 427, 443 (5th Cir. 1982). Thus, a Texas prisoner may satisfy the exhaustion requirement by presenting the substance of a claim to the Texas Court of Criminal Appeals in either a petition for discretionary review or a state habeas corpus proceeding pursuant to article 11.07 of the Texas Code of Criminal Procedure. *See* TEX. CODE CRIM. PROC. ANN. art. 11.07 (Vernon Supp. 2005). Because Montgomery did not raise his claim in either his petition for discretionary review or his state habeas application, the claim is unexhausted. Under the Texas abuse-of-the-writ doctrine, however, Montgomery cannot now return to state court for purposes of exhausting the claim. *See id.* art. 11.07, § 4. The abuse-of-the-writ doctrine represents an adequate state procedural bar to federal habeas review. *See Nobles v. Johnson*, 127 F.3d 409, 423 (5th Cir. 1997). Therefore, absent a showing of cause and prejudice or a miscarriage of justice, such showing not having been demonstrated, Montgomery's second ground is procedurally barred from this court's review. *See Smith v. Johnson*, 216 F.3d 521, 523- 24 (5th Cir. 2000).

Montgomery claims the trial court erred by using his prior 1980 state jail felony conviction for credit card abuse to elevate his punishment to habitual offender status under § 12.42 of the Texas Penal Code. TEX. PENAL CODE ANN. § 12.42 (Vernon Supp. 2005).[2] According to Montgomery, § 12.42 is not applicable to his case. Under § 12.42(d), a third degree felony is punishable by 25 to 99 years' or life imprisonment if it is shown that the defendant has previously been finally convicted of two felony offenses. *Id.* § 12.42(d). A state jail felony may not used for enhancement purposes.

---

[2]Montgomery cites the court to article 12.42(A)(1) of the Texas Code of Criminal Procedure, however, the correct statutory provision is found in the Texas Penal Code.

6

*Id.* § 12.42(e). Montgomery argues that his 1980 credit card conviction is a state jail felony. Under current state law, credit card abuse is a state jail felony. *Id.* § 32.31 (Vernon Supp. 2005). However, the state habeas court determined that, at the time Montgomery committed the offense, credit card abuse was a third degree felony, and, thus, his 1980 conviction was properly used for purposes of enhancing another third degree felony under § 12.42(d). (State Habeas R. at 32-33.) This determination is presumed to be correct, absent evidence in rebuttal. Accordingly, Montgomery's 1980 felony conviction for credit card abuse and his 1990 felony conviction for possession with intent to deliver a controlled substance–both of which Montgomery admitted as true, satisfied the requirements of § 12.42(d) for enhancing his range of punishment to that of an habitual offender. (4Reporter's R. at 4.)

### 3. Ineffective Assistance of Counsel

Montgomery claims he received ineffective assistance of trial counsel because counsel failed to investigate and object to the indictment and the state's voir dire remarks concerning the punishment enhancement issue. He further claims that counsel was ineffective by failing to object to the use of his 1980 conviction due to remoteness. (Pet'r Memorandum at 4.) TEX. R. APP. P. 609(a), (b). In light of the discussion above, his first claim fails. His second claim fails because the issue of remoteness is relevant only to the admissibility of evidence of a prior conviction for impeachment purposes under the Texas Rules of Evidence. Failure to make frivolous objections does not cause counsel's performance to fall below an objective level of reasonableness. *See Green v. Johnson*, 160 F.3d 1029, 1037 (5th Cir. 1998); *Clark v. Collins*, 19 F.3d 959, 966 (5th Cir. 1994).

## II. RECOMMENDATION

Based on the foregoing, Montgomery's petition for writ of habeas corpus should be denied.

### III.  NOTICE OF RIGHT TO OBJECT TO PROPOSED
### FINDINGS, CONCLUSIONS AND RECOMMENDATION
### AND CONSEQUENCES OF FAILURE TO OBJECT

Under 28 U.S.C. § 636(b)(1), each party to this action has the right to serve and file specific written objections in the United States District Court to the United States Magistrate Judge's proposed findings, conclusions, and recommendation within ten (10) days after the party has been served with a copy of this document.  The court is extending the deadline within which to file specific written objections to the United States Magistrate Judge's proposed findings, conclusions, and recommendation until April 26, 2006.  The United States District Judge need only make a *de novo* determination of those portions of the United States Magistrate Judge's proposed findings, conclusions, and recommendation to which specific objection is timely made.  *See* 28 U.S.C. § 636(B)(1).  Failure to file by the date stated above a specific written objection to a proposed factual finding or legal conclusion will bar a party, except upon grounds of plain error or manifest injustice, from attacking on appeal any such proposed factual finding or legal conclusion accepted by the United States District Judge.  *See Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1428-29 (5th Cir. 1996) (en banc op. on reh'g); *Carter v. Collins*, 918 F.2d 1198, 1203 (5th Cir. 1990).

### IV.  ORDER

Under 28 U.S.C. § 636, it is ORDERED that each party is granted until April 26, 2006, to serve and file written objections to the United States Magistrate Judge's proposed findings, conclusions, and recommendation.  It is further ORDERED that if objections are filed and the opposing party chooses to file a response, a response shall be filed within seven (7) days of the filing date of the objections.

It is further ORDERED that the above-styled and numbered action, previously referred to

the United States Magistrate Judge for findings, conclusions, and recommendation, be and hereby is returned to the docket of the United States District Judge.

    SIGNED April 5, 2006.

                            /s/   Charles Bleil
                           CHARLES BLEIL
                           UNITED STATES MAGISTRATE JUDGE